STATE OF OREGON,
*Appellant,*

*v.*

RONALD SNOW,
*Respondent.*

(148,800; CA A34542)

713 P2d 611

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Salem.

Walter J. Todd, Salem, filed the brief for respondent.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The state appeals from a judgment entered after the trial court had sustained a demurrer to an indictment for the crime of escape in the first degree. ORS 162.165 (as in effect at the relevant time) provided, in relevant part:

"(1)   A person commits the crime of escape in the first degree if:

"(a)   Aided by another person actually present, he uses or threatens to use physical force in escaping from custody or a correctional facility; or

"(b)   He uses or threatens to use a dangerous or deadly weapon escaping from custody or a correctional facility."

The indictment alleged, in material part:.

"The defendant, on April 24, 1984, in Marion County, Oregon, did then and there unlawfully, feloniously and knowingly escape from custody while being aided by Dewey Wayne Chandler, another person, actually present, who used physical force."

The trial court concluded that, because the indictment alleged that Chandler, the other person actually present, was the one who used physical force, rather than defendant, it did not allege the elements of the crime of escape in the first degree. We agree.

■■   The statutory language expressly requires that the person charged with escape must also be the person alleged to have used physical force. Arguably, defendant may have used physical force by the "use" of Chandler, who directly used force.[1] However, the indictment does not allege that *defendant* used force, either directly or indirectly.[2] Rather, it says simply that defendant escaped while Chandler used force. That does not allege the necessary elements of escape in the first degree.

---

[1] In *Davidson v. Government Ethics Commission,* 300 Or 415, 418-22, 712 P2d 87 (1985), the Supreme Court interpreted the word "use" appearing in a particular provision of the Oregon Ethics Laws. Because we are dealing with a pleading rather than with an issue of proof, we need not address the discussion in *Davidson.*

[2] In explaining ORS 162.165, the Criminal Law Revision Commission, Proposed Oregon Criminal Code 194, § 192, Commentary (1970), states that first degree escape exists "when the escapee is aided by one or more persons actually present who use physical force in escaping from custody or a correctional facility." We need not decide whether the commentary is a correct interpretation of the statute, but we note that the express statutory language does not coincide with the commentary.

However, the indictment does charge escape in the third degree.[3] Therefore, the demurrer ought not to have been sustained.

Reversed and remanded.

---

[3] ORS 162.145(1) (as in effect at the relevant time) provided:

"(1) A person commits the crime of escape in the third degree if he escapes from custody."